**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Willie Jackson, Appellant.

Appellate Case No. 2015-000706

———————————

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-106
Submitted January 1, 2017 – Filed March 8, 2017

———————————

**AFFIRMED**

———————————

Assistant Public Defender Matthew William Shealy, of Spartanburg, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

———————————

**PER CURIAM:** Willie Jackson appeals the circuit court's order affirming his convictions in magistrate's court of public disorderly conduct and trespassing. Jackson argues the magistrate's court should have granted his motions for directed

verdict because the State failed to present evidence the arrest occurred within the city limits of Spartanburg.  Further, Jackson asserts the magistrate's court erred in denying his motion for directed verdict on the trespassing charge because the State did not present evidence he was placed on trespass notice.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in affirming the magistrate's court's denial of his motion for directed verdict based upon the State's failure to present evidence the arrest occurred within the city limits of Spartanburg: *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); S.C. Code Ann. § 5-7-110 (2004) ("[P]olice officers shall exercise their powers on all private and public property within the corporate limits of the municipality and on all property owned or controlled by the municipality wheresoever situated . . . ."); *State v. Padgett*, 354 S.C. 268, 272, 580 S.E.2d 159, 161 (Ct. App. 2003) ("[T]he mere fact that there existed some question as to whether the officers in the instant case were operating outside of their jurisdictional limitations does not automatically give rise to the propriety of a directed verdict on the issue.  To the contrary, the facts and circumstances attendant to this case present quintessential factual issues regarding the exercise of the statutory grant of jurisdiction.").

2.  As to whether the circuit court erred in affirming the magistrate's court's denial of his motion for directed verdict on the trespassing charge: S.C. Code Ann. § 16-11-620 (2015) ("[A]ny person who . . . having entered into . . . [a] place of business . . . without having been warned fails and refuses, without good cause or good excuse, to leave immediately upon being ordered or requested to do so by the person in possession or his agent or representative shall, on conviction, be fined not more than two hundred dollars or be imprisoned for not more than thirty days."); *State v. Martin*, 391 S.C. 508, 516, 706 S.E.2d 40, 44 (Ct. App. 2011) ("When ruling on a motion for directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Lewis*, 403 S.C. 345, 353, 743 S.E.2d 124, 128 (Ct. App. 2013) ("This court may reverse the trial court's denial of a motion for directed verdict only if there is no evidence to support the trial court's ruling.").

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**